J-S36008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LANIER E. RILEY | |
| Appellant | No. 134 EDA 2016 |

Appeal from the PCRA Order December 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0510931-2004

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 04, 2018**

The trial court, sitting as fact-finder, convicted Appellant, Lanier Riley, of possession with intent to deliver cocaine and several related charges. After the court dismissed his first petition pursuant to the Post Conviction Relief Act ("PCRA"), he learned that the federal government had indicted several of the officers who participated in his prosecution for, among other things, planting evidence on suspects. He therefore filed a second petition.

In this *pro se* appeal, Riley asserts his second petition was improperly dismissed. After reviewing the record, we conclude Riley failed to establish his right to relief based upon after-discovered evidence, and therefore affirm.

On September 10, 2014, Michael Pileggi, Esquire, filed a petition seeking PCRA relief based upon Riley's discovery of allegations that, among

other things, Philadelphia police officers Thomas Liciardello and Brian Reynolds had planted evidence on criminal defendants in other cases. Both officers testified against Riley at his trial. Riley asserted this evidence necessitated a new trial.

The PCRA court reviewed Riley's petition and gave Riley notice of its intent to dismiss the petition. Riley filed a response, which the PCRA court reviewed. However, the court found Riley's response did not affect its reasoning, and dismissed Riley's petition as untimely.

Riley filed this appeal, and was later permitted to proceed *pro se*. He contends the PCRA court erred in dismissing his petition as untimely. We review an order dismissing a petition under the PCRA by examining whether the court's determination is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). We will not disturb the court's factual findings unless there is no support for them in the certified record. ***See Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a court may decline to hold a hearing on a petition if it determines the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. ***See Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Because this is Riley's second petition for post-conviction relief, he must meet a more stringent standard. "A second or any subsequent post-

- 2 -

conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." **Commonwealth v. Burkhardt**, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations and internal quotation marks omitted). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." **Id**. (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **Hernandez**, 79 A.3d 651-52 (citations omitted). **See also** 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007). **See also** Pa.R.A.P. 302(a).

Here, Riley argues the indictments and allegations of corruption against officers Thomas Liciardello, Jeffrey Walker, and Brian Reynolds constitute after-discovered evidence under 42 Pa.C.S.A. § 9545(b)(1)(ii). In order to establish entitlement to this exception, Riley must establish only that the facts upon which the claim are predicated were unknown to him, and he could not have ascertained the facts earlier despite the exercise of due diligence. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007). The determination of timeliness does not require a merits analysis. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).

In his petition, Riley asserted he filed it within 60 days of the indictments of officers Liciardello and Reynolds. He furthermore asserted he could not have discovered the indictments earlier. We cannot discern any way Riley could have discovered the indictments prior to their announcement.

Our review of the docket reveals Riley filed the petition within 60 days of the indictments of Liciardello and Reynolds. In contrast, the announcement of charges against Walker occurred approximately one year prior to Riley's filing of the petition at issue. Furthermore, Riley entirely failed to allege any efforts he had made to discover the indictment of Walker in a timely manner. Thus, while Riley appears to have met the minimal requirements for the after-discovered evidence exception to the time-bar for

the indictments of Liciardello and Reynolds, he did not meet them for the indictment of Walker.

However, this is just Riley's first step in obtaining relief on his after-discovered evidence claim based upon the indictments of Liciardello and Reynolds. He has merely established our jurisdiction to entertain these claims. He still must establish his right to relief on the merits of his claim based upon Liciardello and Reynolds.

To obtain relief on this claim, Riley must prove each of four separate elements. *See Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008). A failure to establish any of these elements is fatal to Riley's claim. *See id*. Of particular relevance to this appeal is the requirement that Riley establish that evidence of these indictments would be used for a purpose other than mere impeachment. *See Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004). In his brief, Riley argues

> [t]he evidence establishing that these officers were corrupt and were committing countless acts of police misconduct could have been utilized to support a CI motion, a [m]otion to [s]uppress and/or could have been utilized to undermine Officers Liciardello, Reynolds and Walker's credibility by demonstrating they had, for example, lied about drugs or the actions of the CI in this case and in other cases.

Appellant's Brief, at 16.

All of Riley's potential uses for the indictments constitute a form of impeachment. Presumably, Riley's "CI motion" is a motion to learn the identity of the confidential informant used by the prosecution. The only

relevance the indictments of Liciardello and Reynolds would have to such a motion would be to impeach the eyewitness testimony offered by the officers. Thus, this would not constitute a use outside of impeachment.

Similarly, the only relevance the indictments would have to a motion to suppress would be to impeach the testimony of the officers involved. This would not constitute a use apart from impeachment.

Riley's final argument is clearly impeachment. He seeks to "undermine the credibility" of the officers and establish they "lied about drugs or the actions of the CI in this case[.]" This is pure impeachment. Thus, this would not constitute a use outside of impeachment.

Riley's claim based upon the indictment of Walker is time-barred. His claims based upon the indictments of Liciardello Reynolds are not time-barred, but he failed to establish that he would have used the indictments for any purpose outside of impeachment. Therefore, he is not entitled to relief on these claims. We therefore affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2018